IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WENDI HATFIELD,<br><br>                 Plaintiff,<br><br>v.<br><br>THE COTTAGES ON 78TH COMMUNITY ASSOCIATION, a Utah corporation; DREW KEDDINGTON, an individual; DAVE RUPRECHT, an individual; MATTHEW MEDFORD, an individual; MILLER HARRISON, LLC, a Utah limited liability company; DOUGLAS SHUMWAY, an individual; MICHELLE POHLMAN, an individual; and PMI OF UTAH, LLC, a Utah limited liability company,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL DISMISSAL OF THE HOA DEFENDANTS' COUNTERCLAIM<br><br><br>Case No. 2:19-CV-964 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Partial Dismissal of the HOA Defendants' Counterclaim. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff is a resident of Midvale, Utah. Defendant The Cottages on 78th Community Association (the "Association") is a homeowner's association of which Plaintiff is a member. The Association acts through a five-member Management Committee (the "Board"). Defendants Keddington and Ruprecht were Board members during the relevant time, and Defendant Medford was a member of the Association. Defendant PMI of Utah ("PMI") served as the Association's property manager. Defendant Pohlman (a/k/a Michelle Ainge) was an employee of PMI and served as manager for the Association.

1

Plaintiff has been involved in various disputes with the Association, the Board, and PMI (collectively "Defendants" or "Counterclaim Plaintiffs").  Plaintiff brought suit, alleging violations of the Fair Housing Act, invasion of privacy, defamation, tortious interference with economic relations, and civil conspiracy.  Defendants have filed a counterclaim asserting claims for breach of declaration/enforcement and wrongful use of civil proceedings and abuse of process.  Plaintiff seeks dismissal of the wrongful use of civil proceeding and abuse of process claim.  This claim is derived from Plaintiff filing a complaint with the Utah Anti-Discrimination Division of the Utah Labor Commission, alleging Defendants discriminated against her based on religion and retaliated against her.  Plaintiff later withdrew her Complaint and brought suit in this Court.  In this action, Plaintiff no longer asserts a religious discrimination claim, but instead focuses on her retaliation claim.

## II.  MOTION TO DISIMSS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Defendants/Counterclaim Plaintiffs as the nonmoving party.[1]  Defendants/Counterclaim Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

---

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

### III.  DISCUSSION

A.   WRONGFUL USE OF CIVIL PROCEEDINGS

"[A] claim for wrongful use of civil proceedings 'consists in instituting or maintaining civil proceedings for an improper purpose and without a justifiable basis.'"[10]  "[A] party asserting a claim for wrongful use of civil proceedings must demonstrate that (1) the actor initiating the prior proceeding acted 'without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim'; and (2) 'except when they are ex parte, the [prior] proceedings . . . terminated in favor of the person against whom they [were] brought.'"[11]  "For purposes of this tort, a person brings a suit with probable cause 'if he [or she] reasonably believes in the existence of the facts upon which the claim is based, and . . . correctly or reasonably believes that under those facts the claim may be valid under the applicable law.'"[12]

Defendants' allegations that Plaintiff acted without probable cause and primarily for a purpose other than that of securing an adjudication of her claim are spare and conclusory. Defendants allege that Plaintiff's religious discrimination claim lacked probable cause because Defendants "had always dealt with Hatfield in a manner free of religious influence," "had never discriminated against her for any reason let alone her religion," did not "know what her religious beliefs were," and "had received no similar written complaints of religious discrimination."[13]

---

[10] *Anderson Dev. Co v. Tobias*, 116 P.3d 323, 340 (Utah 2005) (quoting *Gilbert v. Ince*, 981 P.2d 841, 845 (Utah 1999)).

[11] *Id.* at 340–41 (quoting *Gilbert*, 981 P.2d at 845) (second, third, and fourth alterations in original).

[12] *Nielsen v. Spencer*, 196 P.3d 616, 621 (Utah Ct. App. 2008) (quoting *Gilbert*, 981 P.2d at 845–46) (alterations in original).

[13] Docket No. 74, at 25.

Defendants further allege that Plaintiff "had no intention of prosecuting her religious discrimination allegations and getting a decision by the Commission" and "knew that she would voluntarily dismiss the religious discrimination claims as soon as her improper and ulterior purposes had been accomplished."[14] Defendants, however, provided no factual averments to shore up these allegations. Defendants provide no factual basis for their claim that Plaintiff did not intend to prosecute her religious discrimination claim and that she always intended to withdraw it. Similarly, there is no factual support for Defendants' claim that they always treated Plaintiff "in a manner free of religious interference." These generalized allegations fail to meet the pleading standards of *Twombly* and *Iqbal* requiring dismissal of Defendants' wrongful use of civil proceedings claim.

B.  ABUSE OF PROCESS

In the alternative, Defendants assert a claim for abuse of process. An abuse of legal process is where the process is employed for some unlawful object, not the purpose intended by law.[15] "[T]o establish a claim for abuse of process, a claimant must demonstrate first, an ulterior purpose; [and] second, an act in the use of the process not proper in the regular prosecution of the proceedings."[16] "To satisfy the 'willful act' requirement, a party must point to conduct independent of legal process itself that corroborates the alleged improper purpose."[17] Legal process with a bad motive is not enough. A party must allege "a corroborating act of a nature

---

[14] *Id.* at 25–26.

[15] *Kool v. Lee*, 134 P. 906, 909 (Utah 1913).

[16] *Anderson Dev. Co.*, 116 P.3d at 341 (internal quotation marks and citation omitted) (second alteration in original).

[17] *Hatch v. Davis*, 147 P.3d 383, 390 (Utah 2006).

other than legal process . . . ."[18] If legal process is used for its proper and intended purpose, but it has collateral effects, there is no abuse of process.[19] Utah law does not allow abuse of process claims "when [an] action is filed to intimidate and embarrass the defendant knowing there is no entitlement to recover the full amount of damages sought."[20] "Likewise, complicating the course of litigation and increasing the costs of defense do not qualify as a collateral advantage or ulterior purpose" for abuse of process claims.[21] In short, a claimant must allege some object they wish to gain outside of the proceedings itself or their claim fails.[22]

Defendants claim that Plaintiff filed her discrimination complaint not to pursue her claim, "but instead to posture herself so she could later argue that any subsequent action by the HOA . . . was . . . retaliation against her for filing the discrimination claim."[23] Defendants provide no factual support for this assertion. Defendants point to a handful of independent acts they assert support their claim.[24] These acts fail to provide corroboration for Plaintiff's alleged ulterior purpose of "beefing up her intended federal complaint."[25] At best, these acts suggest that filing the complaint of religious discrimination was a part of Plaintiff's alleged efforts to annoy and embarrass Defendants. As set forth above, this is not sufficient.

---

[18] *Id.*

[19] *Crease v. Pleasant Grove City*, 519 P.2d 888, 890 (Utah 1974).

[20] *Puttuck v. Gendron*, 199 P.3d 971, 977 (Utah Ct. App. 2008) (internal quotation marks and citation omitted).

[21] *Id.*

[22] *Id.*

[23] Docket No. 94, at 16–17 (citing Docket No. 74, at 26).

[24] Docket No. 74, at 27–28.

[25] Docket No. 94, at 14.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Partial Dismissal of the HOA Defendants' Counterclaim (Docket No. 80) is GRANTED.

DATED this 18th of August, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge
