IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WENDI HATFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>THE COTTAGES ON 78TH COMMUNITY ASSOCIATION, DREW KEDDINGTON, DAVE RUPRECHT, MATTHEW MEDFORD, MILLER HARRISON LLC, DOUGLAS SHUMWAY, MICHELLE POHLMAN, and PMI OF UTAH,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS FOR ATTORNEY'S FEES AND RULE 11 ORDER TO SHOW CAUSE |
| THE COTTAGES ON 78TH COMMUNITY ASSOCIATION, DREW KEDDINGTON, MATTHEW MEDFORD, MICHELLE POHLMAN, and PMI OF UTAH,<br><br>    Counterclaimants,<br><br>v.<br><br>WENDI HATFIELD,<br><br>    Counter-Defendant. | Case No. 2:19-CV-964 TS<br><br>District Judge Ted Stewart |

    Defendants The Cottages on 78th Community Association (the "HOA"), Drew Keddington, Matthew Medford, Michelle Pohlman, and PMI of Utah (collectively, the "HOA Defendants") and Defendants Douglas Shumway and Miller Harrison LLC (the "Attorney Defendants") seek attorney's fees and costs as the prevailing parties in an action under the Fair Housing Act ("FHA"),

1

42 U.S.C. § 3601 *et seq.* For the reasons below, the court will grant the motions in part and issue an order to show cause why it should not impose sanctions under Fed. R. Civ. P. 11.

## I. BACKGROUND

Hatfield's complaint alleged retaliation under the FHA and various state-law claims. The court partially dismissed the complaint for failure to state a claim on April 23, 2020.[1] On March 1, 2021, the court granted Defendants' motions for judgment on the pleadings on the remaining claims.[2] In the March 1 order, the court found that the complaint failed to state an FHA claim. The court also elected to exercise supplemental jurisdiction over Hatfield's state-law claims and found them meritless. Hatfield has appealed to the Tenth Circuit Court of Appeals.[3]

Defendants filed five separate motions for attorney's fees and costs on March 15, 2021,[4] which are now ready for resolution.

## II. DISCUSSION

Generally, a litigant pays his or her own attorney's fees unless a statute or contract provides otherwise.[5] The FHA authorizes the court to grant attorney's fees and costs to the prevailing party.[6] While fees are regularly awarded to prevailing plaintiffs in civil-rights suits, fees are not routinely awarded to prevailing defendants "unless a court finds that [the] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[7]

---

[1] Docket No. 67. The court also dismissed one of two counterclaims. Docket No. 98.

[2] Docket No. 138.

[3] Docket Nos. 146. Defendants have cross-appealed to the Tenth Circuit. Docket Nos. 161, 164.

[4] Docket Nos. 141–45.

[5] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010).

[6] 42 U.S.C. § 3613(c)(2).

[7] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

This standard balances the dual policies of civil-rights fee-shifting statutes: discouraging frivolous, unreasonable, groundless, or vexatious claims while still encouraging private parties' rigorous enforcement of civil-rights laws.[8] A party seeking attorney's fees has the burden of proving entitlement to the requested fees.[9]

A. Attorney's Fees

Defendants assert that they are entitled to attorney's fees on all their claims under 42 U.S.C. § 3613(c)(2) because all of Hatfield's claims were frivolous. Defendants attach detailed itemized billing statements, declarations of counsel, and other documents in support of their requests.[10] Hatfield contends that attorney's fees are not appropriate because her claims were not frivolous, and that even if they were frivolous Defendants may not recover because they failed to separate billing by claim and failed to support their request with sufficient evidence and argument. Both parties are correct in part. Hatfield should pay attorney's fees under the statute but in a reduced amount as explained below.

1. FHA Claim

a. "Frivolous, unreasonable, or groundless"

A frivolous suit is one that "lacks an arguable basis either in law or in fact."[11] The standard is difficult to satisfy; "rarely will a case be sufficiently frivolous to justify imposing attorney fees

---

[8] *Id.* at 417–21.

[9] *See* Fed. R. Civ. P. 54(d)(2)(A)–(B); DUCivR 54-2(f); *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

[10] Att'y Defs' Mot. Exs. 1–3, Docket Nos. 141-1 to 141-3; HOA Mot. Exs. 1–7, Docket Nos. 142-1 to 142-7.

[11] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Compare, e.g., Crabtree ex rel. Crabtree v. Muchmore*, 904 F.2d 1475, 1477–79 (10th Cir. 1990) (reversing denial of attorney's fees where claims against judge were obviously barred by judicial immunity) *with Herriman City v. Swensen*, No. 2:07-CV-711 TS, 2008 WL 723725, at *10 (D. Utah Mar. 14, 2008), *aff'd sub nom. City of Herriman v. Bell*, 590

on the plaintiff."[12] Although the standard is high, it is not unreachable. Courts have awarded attorney's fees where, for example, an FHA complaint was devoid of factual allegations that defendant engaged in any discriminatory conduct,[13] plaintiffs asserted unreasonable and baseless facts,[14] and claims were based on unreasonable interpretations of the evidence.[15]

Here, Hatfield's complaint not only failed to state an FHA retaliation claim but conclusively showed that Hatfield was not entitled to relief. As explained fully in the court's prior order, the allegedly offending acts—sending a notice of assessment and accompanying letter to homeowners, emailing Hatfield's employer, and making comments at the HOA's Annual Meeting—were clearly justified, not directed at Hatfield, and not retaliatory. Hatfield based her complaint not on facts and law but on an unreasonable interpretation of the facts and her own subjective feeling of being harmed. Such a complaint places precisely the sort of unfair burden on Defendants that the FHA's fee-shifting provision exists to alleviate.

In response to the motions for fees, Hatfield offers conclusory statements that her retaliation claim was non-frivolous but provides no facts and very little argument supporting her position. There is no precise amount of evidence a plaintiff must produce to avoid an award of fees on the basis of frivolity, but the plaintiff must present *some* evidence of a reasonable basis for

---

F.3d 1176 (10th Cir. 2010) (denying attorney's fees where the case was not frivolous because it presented "complex and novel legal issues").

[12] *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004) (quoting *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000)).

[13] *Barrow v. Barrow*, No. 16-11493-FDS, 2017 WL 2953636, at *4 (D. Mass. July 10, 2017).

[14] *Dorval v. Sapphire Vill. Condo. Owners Ass'n*, Nos. 16-50, 18-29, 2020 WL 2487559, at *2 (D.V.I. May 14, 2020) (unpublished).

[15] *Thorpe v. Ancell*, No. 03-CV-01181-LTB-BNB, 2006 WL 2406240, at *2–5 (D. Colo. Aug. 18, 2006), *aff'd*, 367 F. App'x 914 (10th Cir. 2010).

bringing an apparently baseless suit.[16] Hatfield might, for example, have explained how she reasonably believed there was a discriminatory basis for any of the defendants' actions so as to invoke the FHA. Hatfield does not do this. Instead, she relies solely on her own alleged belief that her retaliation claim had merit. This does not show that the claim was not frivolous or groundless, only perhaps that Hatfield brought it in good faith.[17]

Hatfield also argues that the court did not find her claim frivolous in its previous decisions and objects to Defendants' assertions of fact because they fail to reference "admitted evidence that has been subject to any factual finding."[18] But the question of frivolity was not before the court on the previous motions. This motion was Hatfield's chance to submit evidence to contradict Defendants' showing, and she did not do so, leaving Defendants' factual assertions largely unopposed. Hatfield also points out that Defendants did not file motions to dismiss at the outset, suggesting that they did not actually believe the claim was frivolous or groundless.[19] Defendants' beliefs, motivations, or litigation strategy do not determine frivolity.

Both parties cite the Second Circuit case of *Taylor v. Harbour Pointe Homeowners Association*, in which the court explained that attorney's fees were warranted where plaintiff's claim had been denied at the administrative level and was obviously meritless.[20] Hatfield states, without explanation, that her case differs from *Taylor*. The claim in *Taylor* was egregiously

---

[16] *Thorpe*, 367 F. App'x at 924.

[17] *Christiansburg*, 434 U.S. at 421 (explaining that a prevailing defendant in a civil-rights action can recover attorney's fees if the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith").

[18] Resp. to Att'y Defs' Mot., Docket No. 156 at 2.

[19] Resp. to HOA's Mot., Docket No. 157 at 6.

[20] 690 F.3d 44 (2d Cir. 2012).

5

baseless, but courts have awarded attorney's fees on claims of similar groundlessness to Hatfield's.[21] Broadly applied, the holding in *Taylor* supports awarding fees here.

In sum, Hatfield's FHA claim was frivolous and groundless at the outset, warranting an award of attorney's fees.

b. Additional factors

Two additional factors favor a fee award: bad faith and Hatfield's general litigiousness. While bad faith is not necessary to justify awarding attorney's fees, it can weigh in favor of such an award.[22] As Defendants point out, the sequence of events prior to and during this litigation bear hallmarks of vindictive weaponizing of the legal system, not a good-faith attempt to vindicate rights. Importantly, Hatfield does not rebut Defendants' evidence of bad faith other than to offer a conclusory statement about what she "in good faith" believed her rights were.[23] The same sequence of events shows Hatfield to be incorrigibly litigious such that an award of fees is justified for its deterrent effect.[24] The court notes that Hatfield sued not just her HOA and its management company but several individual defendants who unjustly faced financial, reputational, and

---

[21] *See, e.g.*, *Dorval*, 2020 WL 2487559, at *2 (awarding fees where plaintiff provided no evidence at trial of a conspiracy among the defendants to violate the FHA and asserted unreasonable and baseless facts); *Barrow*, 2017 WL 2953636, at *4 (imposing fees where FHA complaint was devoid of factual allegations suggesting that defendant engaged in any kind of discriminatory conduct).

[22] *See Christiansburg*, 434 U.S. at 422; *Anthony v. Baker*, 767 F.2d 657, 667 (10th Cir. 1985).

[23] Resp. to Att'y Defs' Mot. at 5, Docket No. 156 at 6 (stating only that Defendants provided "zero evidence" of bad faith and asserting that it is "obvious" that Defendants would say there was bad faith in any such case).

[24] *Thorpe*, 367 F. App'x at 924 (explaining that awarding attorney's fees in civil- rights cases "deters a plaintiff from filing patently frivolous and groundless suits").

probably emotional harm. Hatfield must understand that there are consequences to her habit of making unfounded claims against others.[25]

   2. State-Law Claims

Like the FHA claim, Hatfield's state-law claims had no foundation in fact or law; the court chose to exercise jurisdiction over them for that very reason. However, Defendants are incorrect that those claims' positions alongside an FHA claim entitle Defendants to attorney's fees on the state-law claims. In the unpublished case of *Allen v. Lang*, the Tenth Circuit upheld a fee award in a federal civil-rights case that included state-law claims where the work was so intertwined that it was not feasible for attorneys to bill separately for the federal and the state-law claims—*i.e.*, where the attorneys would have done the work even if there were no state-law claims.[26] Defendants fail to convince the court that there is any basis for recovering attorney's fees for work on state-law claims that was or could have been billed separately from the FHA claim—*i.e.*, work the attorneys performed exclusively on the state-law claims.

The HOA argues that the language of the FHA allowing attorney's fees in an "action" (rather than on a "claim") under the FHA means that fees are recoverable on all the claims asserted in the action. They offer no authority for this proposition, and surely there must be a limit—Congress cannot have intended, for example, to allow attorney's fees for claims entirely unrelated to the FHA claim simply because they were brought in the same suit. As the Tenth Circuit stated

---

[25] *Cf. Edmond v. Broadmoor Hotel, Inc.*, No. 13-CV-03262-RBJ-KLM, 2014 WL 5285616, at *1 (D. Colo. Oct. 15, 2014).

[26] 738 F. App'x 934, 947 (10th Cir. 2018) (unpublished) (stating that "the dispositive question would be whether [prevailing defendant] would have incurred the same costs even if there were no state claims") (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

in *Allen*, the "dispositive question" is whether the defendant would have incurred the costs even if there were no state-law claims.[27]

In short, where work is relevant to the frivolous FHA claim, it is compensable, even if it is also relevant to the state-law claims. Where work is relevant to the state-law claims alone, it is not compensable. Where work is not separated by claim—for example, work billed for a motion for judgment on the pleadings that included both federal and state-law claims—the work is compensable at a percentage rate, estimated to be the percentage of that work relating to or intertwined with the FHA claim.

    3. Amount

Having clarified which types of work are recoverable, the court can now calculate a reasonable fee. The court determines a reasonable attorney's fee "by first figuring a lodestar amount"—the reasonable hours worked multiplied by a reasonable hourly rate—"and then adjusting that figure based on facts specific to the case."[28] But the purpose of attorney's fees awards is only "rough justice," not "auditing perfection."[29] "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."[30] The final amount of an attorney's fees award is committed to the discretion of the trial court, which considers all the circumstances of the litigation in light of the dual purposes of attorney's fees awards: compensation and deterrence.[31]

---

[27] *Id.*

[28] *Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1101 n.3 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

[29] *Fox*, 563 U.S. at 838.

[30] *Id.*

[31] *Thorpe*, 367 F. App'x at 924.

Hatfield's assertion that Defendants failed to justify their requests with documentation and argument is unfounded. Both law firms submitted billing records and declarations of counsel supporting their requests. Although the records are not perfect, they provide substantial support for the fees requested and clearly articulate the method of calculation.

a. Lodestar

HOA Defendants' counsel charged $205/hour and Attorney Defendants' counsel charged various rates for paralegal, associate, and partner time. In their declarations, the attorneys aver that these are competitive market rates and Hatfield does not dispute this. As for the number of hours worked, Defendants indicate, without any opposition from Hatfield, that they invoiced conservatively to avoid disputes or a fee award that would be outside Hatfield's ability to pay, and that actual attorney's fees incurred are greater than those requested.

However, not all the hours billed are compensable or reasonable. Counsel sometimes billed for discrete work on state-law claims that is not compensable under the FHA, as explained above. Defendants' briefing was excessive and duplicative; the lengthy, piecemeal briefing multiplied the work for everyone and was especially unwarranted given that nearly all defendants were represented by the same attorneys. Finally, some billing entries were heavily redacted such that the court cannot determine what the attorneys were doing, let alone whether it was reasonable. These factors warrant reductions in the hours. Of the approximately 394 hours billed to HOA Defendants, the court finds 250 hours reasonable. Of the 264.10 hours billed to Attorney Defendants, 221 hours were reasonable.

Applying all the above factors, the court calculates a lodestar for HOA Defendants of $51,250 and estimates a lodestar for Attorney Defendants of $45,000, for a total lodestar of $96,250.

### b. Discretionary adjustment

While the court would be justified in imposing the full amount of fees on Hatfield, the court will not do so. First, Hatfield almost certainly cannot pay such a large fee award. Second, while the claim was frivolous, it was not extremely so. Third, although Hatfield is legally responsible for her claims, as a practical matter her lawyer shares much of the blame, as explained below.[32] Fourth, considering all the circumstances of this litigation, the court's primary concern is discouraging Hatfield's litigiousness in the future. The court finds an award of $30,000 just, equitable, and sufficient to deter Hatfield from making baseless claims in the future. The award will be allocated as follows: $16,500 to the HOA Defendants (excluding Medford, whom Hatfield did not sue under the FHA) and $13,500 to Attorney Defendants.

### B. Costs

HOA Defendants and Attorney Defendants both request mediation costs of $1,725 each. The FHA authorizes prevailing parties to recover both attorney's fees and non-taxable "costs." Hatfield raises no objection to the request for costs, and some courts have allowed mediation fees

---

[32] *Brown v. Fairleigh Dickinson Univ.*, 560 F. Supp. 391, 407 n.7 (D.N.J. 1983) (explaining that the court may "consider the extent of the lawyer's responsibility for bringing the frivolous claim, in deciding whether to exercise its discretion to award fees against a civil rights plaintiff"); *see also Collins v. City of Clovis*, No. 14-1046 WJ/GBW, 2015 WL 13662642, at *8 (D.N.M. Apr. 8, 2015) ("[I]mposing sanctions on Plaintiff would serve no purpose, since Plaintiff most likely was guided by her counsel's advice regarding whether her claim had any merit and for this reason the Court finds that considering a sanction of fees under § 1988 is not warranted."). *But see Durrett*, 678 F.2d at 916 ("[T]he perception that counsel was primarily at fault in filing or maintaining a frivolous, groundless, or unreasonable claim should play no role in the decision whether to assess attorney's fees against the plaintiff in a Title VII case.").

as part of an award of attorney's fees and costs in a civil-rights case.[33] Thus, the court will grant these mediation fees as part of the award under § 3613.

C. Rule 11 Order to Show Cause

The court finds Hatfield's counsel's behavior in this case concerning. Under Fed. R. Civ. P. 11, an attorney filing any paper with the court makes certain representations. These include that, to the best of their knowledge, the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for [altering the] law"; and "the factual contentions have [or will have] evidentiary support."[34] The court has authority to enforce this rule with sanctions and may *sua sponte* issue an order to show cause why specific conduct described in the order has not violated the rule.[35]

Here, Hatfield's counsel appears to have enabled—indeed, encouraged—a neighborhood dispute to escalate to a groundless federal case and knowingly filed meritless claims in the court. Counsel's communications with opposing counsel were unreasonable, the claims he filed were frivolous, and key factual contentions were baseless. Furthermore, it appears counsel presented frivolous claims knowingly or with reckless indifference to their frivolity as counsel has brought similar claims to federal court and had them rebuffed in the past.[36] Morris either knew or should

---

[33] *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1355 (S.D. Fla. 2006) (allowing prevailing plaintiff in ADA case to recover mediation fee) (citing *Clark v. Peco, Inc.,* No. 97-737-HU, 1999 WL 398012, *12 (D. Or. Apr. 16, 1999)).

[34] Fed. R. Civ. P. 11(b).

[35] Fed. R. Civ. P. 11(c)(1) and (3).

[36] *See Conlin v. Cullimore*, No. 2:17-cv-1213-TC-DBP (filed November 20, 2017); *Mendelsohn et al. v. Sunpeak Association*, No. 2:13-cv-00923-RJS (filed October 9, 2013); *Winder v. Albertsons Inc.*, No. 2:00-cv-815-TS (filed October 16, 2000).

have known the claims he brought to this court were meritless. The court will therefore issue an order to show cause why it should not impose sanctions under Rule 11(b) for counsel's filing of the complaint and oppositions to the motions to dismiss.

## IV. CONCLUSION

It is therefore

ORDERED that the motions for attorney's fees by Attorney Defendants (Docket No. 141), the HOA (Docket No. 142), Keddington (Docket No. 144), and PMI/Pohlman (Docket No. 145) are GRANTED IN PART AND DENIED IN PART. Hatfield shall pay attorney's fees and costs as explained in this order.

IT IS FURTHER ORDERED that Medford's motion for attorney's fees (Docket No. 143) is DENIED.

IT IS FURTHER ORDERED that within thirty (30) days of the date of this order counsel for Hatfield shall show cause why the court should not impose sanctions under Rule 11(b).

DATED this 10th day of June, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge